UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

GENA HOWARD,

    Plaintiff,

V.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY and
GEORGE VINCE SALYER,

    Defendants.

Civil No. 7:19-cv-0016-GFVT

**OPINION
&
ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants in this removal action attempt to invoke diversity jurisdiction based on fraudulent joinder. In doing so, they ask the Eastern District of Kentucky a question that other defendants have asked of this Court at least a dozen times: can a plaintiff in Kentucky seek relief for alleged bad faith determinations of an insurance adjuster? Kentucky courts have yet to answer this question, and until such is resolved, this Court cannot find that Plaintiff Gene Howard fraudulently joined Defendant George Salyer. Therefore, Plaintiff's Motion to Remand must be **GRANTED** and the case returned to Magoffin Circuit Court.

**I**

In 2016, Plaintiff Gena Howard bought a house in Hazel Green, Kentucky, for $70,000. [R. 1-1 at 5.] To insure her new house, Ms. Howard purchased insurance through Allstate Vehicle and Property Insurance Company. *Id.* Ms. Howard lived in the home for a while and then her son moved into the home. *Id.* at 6.

Sadly, on September 23, 2018, a fire devastated the property, destroying the home and all its contents. *Id.* Ms. Howard submitted a claim through Allstate, who selected Defendant

George Salyer as the adjuster for her claim. *Id*. at 6–7. Thereafter, Allstate determined the home and its contents to be a total loss. *Id*. However, through Mr. Salyer, Allstate denied Ms. Howard's claim, stating that she had violated the policy contract by moving out of the home. *Id*. at 7. The parties dispute whether the contract was violated, but such is not the issue for today.

Ms. Howard sued Allstate and Mr. Salyer in Magoffin Circuit Court on February 5, 2019, asserting various theories of relief, including bad faith under both common law and the Unfair Claims Settlement Practices Act (UCSPA), as set forth in Kentucky Revised Statute § 304.12-230. *Id*. at 8–12. Allstate removed the action to this Court on February 8, 2019, arguing that the claims against Mr. Salyer had no colorable basis, and therefore, he was fraudulently joined. [R. 1 at 3–4.] According to Allstate, Mr. Salyer, as an individual insurance adjuster, cannot be liable for bad faith under Kentucky law as set forth in *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000). *Id*.[1]

## II

### A

Ms. Howard challenges the Court's power to decide this case with a motion to remand. [R. 6.] A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This court has original federal question jurisdiction over civil actions which arise under the "Constitution, laws, or treaties" of the United States, 28 U.S.C. § 1331. This Court also has original "diversity" jurisdiction over all civil actions when "the matter in

---

[1] Allstate offers several theories for why the Court should deny remand in this matter relating to each specific count in the complaint against Mr. Salyer. However, because the Court ultimately finds a colorable claim as to Mr. Salyer's bad faith, the case must be remanded and the Court declines to address Allstate's other reasons to keep this matter in federal court.

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a).

Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Furthermore, the removing defendant bears the burden of showing that removal was proper. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *rev'd on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The general rule regarding removal based on diversity of citizenship is that there must be complete diversity "both at the time that the case is commenced and at the time that the notice of removal is filed" in order to properly remove the case to federal court. *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (emphasis added). Here, the matter in controversy purportedly exceeds $75,000,[2] but the complaint does not satisfy the complete diversity requirement of 28 U.S.C. § 1332. Plaintiff Gena Howard is a citizen and resident of Kentucky. [R. 1-1 at 4.] Defendant Allstate is considered a resident of Illinois. *Id*. However, Defendant George Salyer is also a citizen and resident of Kentucky, defeating diversity in this matter. *Id*. at 5. Regardless of whether the case is remanded or remains before this Court on the

---

[2] The Complaint does not actually state an amount in controversy. [R. 1-1.] However, Ms. Howard's claim was denied in its entirety, which included a house worth at least $70,000, along with all personal belongings in the house and additional statutory penalties. Allstate, in its notice of removal, calculates the amount exceeding $75,000. [R. 1 at 6–7.] Ms. Howard does not contest this calculation in her motion to remand. [R. 6-1.]

basis of diversity jurisdiction, Kentucky is the forum state and its substantive law will be followed. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). So long as the case remains in federal court, federal procedural law will govern as applicable, including in establishing the appropriate standards for fraudulent joinder and dismissal. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Allstate asserts that Mr. Salyer was fraudulently joined, and his citizenship should be ignored for purposes of determining diversity jurisdiction. [R. 1 at 3.] Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). This doctrine was created to prevent plaintiffs from asserting claims against nondiverse defendants "for the sole purpose of preventing removal." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). If the Plaintiff's claim has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Comm'n*, 579 F.3d at 624 (quoting *Coyne*, 183 F.3d at 493).

Allstate, the removing party, has the burden of proving fraudulent joinder and must present "sufficient evidence that a plaintiff could not have established a cause of action against [the] non-diverse defendants under state law." *Coyne,* 183 F.3d at 493. To resolve a claim of fraudulent joinder, the district court may "pierce the pleadings" to consider summary judgment-like evidence, but it should evaluate that evidence like it would a Rule 12(b)(6) motion to

4

dismiss. *Walker v. Philip Morris USA, Inc.*, 43 F. App'x 946, 954 (6th Cir. 2011). Any contested issues of fact should be construed in the non-removing party's favor. *Id.* Any ambiguities in relevant state law must also be construed in the non-removing party's favor. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

B

Ms. Howards asserts bad faith claims against Mr. Salyer under both common law and the USPCA. Allstate asks this Court to revisit whether an individual claims adjuster is subject to liability for bad faith claims. In *Davidson v. Am. Freightways Inc.*, the Supreme Court of Kentucky concluded that self-insured or uninsured persons are not subject to the UCSPA and common law tort of bad faith because both apply "only to persons or entities engaged in the business of insurance." 25 S.W. 3d 94, 95–96 (Ky. 2000).

In a previous matter, the undersigned reviewed *Davidson* and determined it to be open to different interpretations. *Montgomery v. L & M Trucking & Equipment Co.*, No. 09-46-GFVT, 2010 WL 11575644, at *2 (E.D. Ky. Mar. 30, 2010) (Van Tatenhove, J.). The language in *Davidson* suggests that claims adjusters could not be subject to liability under UCSPA because they do not personally enter into the contracts, but also notes that the "comprehensive [Kentucky insurance] regulatory scheme applies only to insurance companies and their agents in the negotiation, settlement, and payment of claims made against policies, certificates or contracts of insurance." *Montgomery*, 2010 WL 11575644, at *2; *Davidson,* 25 S.W.3d at 98. Because claims adjusters are involved in the negotiation, settlement, and payment of claims, they are arguably engaged in the business of insurance and, therefore, potentially subject to bad faith liability.

While the *Davidson* court specifically held that "the UCSPA and the tort of 'bad faith' apply only to those entities (and their agents) who are 'engaged . . . in the business of entering into contracts of insurance,'" *id.* at 102, that statement is also open to different interpretations. For instance, it could be read to mean that agents themselves must enter into contracts of insurance in order to be held liable under the UCSPA. However, it could just as easily be understood as stating that as long as a contractual obligation exists (such as a policy between an insurance company and its insured), both the entity and its agents may be liable under the UCSPA. Because of the ambiguity in whether a claims adjuster could be liable for bad faith, and because ambiguities must be resolved in favor of the plaintiff, this Court remanded *Montgomery*. 2010 WL 11575644, at *3.

The Eastern District of Kentucky has consistently maintained this position that *Davidson* fails to resolve whether or not a claims adjuster is subject to bad faith claims and has repeatedly remanded those claims. *See, e.g.*, *Hambelton v. State Farm Fire & Cas. Co.*, Civil Action No. 18-65-HRW, 2018 WL 493018 (E.D. Ky. July 2, 2018) (Wilhoit, J.); *Stacy v. Liberty Ins. Co.*, Civil Action No. 5:17-449-DCR, 2018 WL 493018 (E.D. Ky. Jan. 19, 2018) (Reeves, J.); *Brown v. Indem. Ins. Co. of N. Am.*, Civil Case No. 17-cv-00193-JMH, 2017 WL 3015171 (E.D. Ky. July 14, 2017) (Hood, J.) (denying remand on other grounds); *Fugate v. Ohio Cas. Ins. Co.*, Civil Case No. 16-cv-00037-JMH, 2016 WL 38923399, at *2–3 (E.D. Ky. July 13, 2016) (Hood, J.) ("the courts of Kentucky have yet to clearly determine whether claims under the USCPA can be asserted against claims adjusters"); *Stacy v. Grange Indem. Ins. Co.*, Civil No. 14-133-ART, 2014 WL 1260547 (E.D. Ky. Dec. 4, 2014) (Thapar, J.); *Howard v. Allstate Ins. Co.*, Civil Action No. 5:14-173-DCR, 2014 WL 5780967 (E.D. Ky. Nov. 5, 2014) (Reeves, J.); *Cantrell v. Owners Ins. Co.*, Civil No. 13-143-ART, 2014 WL 1168807 (E.D. Ky. Mar. 21, 2014); *Collins v.*

*Montpelier U.S. Ins. Co.*, Civil No. 11-166-ART, 2011 WL 6150583 (E.D. Ky. Dec. 12, 2011) (Thapar, J.); *Mattingly v. Chartis Claims, Inc.*, Civil Action No. 2011-48 (WOB-CJS), 2011 WL 4402428 (E.D. Ky. July 14, 2017) (Bertelsman, J.); *Montgomery v. L & M Trucking & Equipment Co.*, No. 09-46-GFVT, 2010 WL 11575644 (E.D. Ky. Mar. 30, 2010) (Van Tatenhove, J.); *N. Am. Specialty Ins. Co. v. Pucek*, Civil Action No. 5:09cv49-JMH, 2009 WL 3711261 (E.D. Ky. Nov. 4, 2009) (Hood, J.); *Gibson v. Am. Mining Ins. Co.*, Civil Action No. 08-118-ART, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008) (Thapar, J.); *Wright v. Allstate Ins. Co.*, Civil Action No. 03-501-KSF, 2004 U.S. Dist. LEXIS 32049 (E.D. Ky. Mar. 5, 2004) (Forester, J.).

Allstate instead argues against this approach, urging the Eastern District to abandon its long-standing conclusion on this issue. [R. 9 at 10–12.] However, in the context of remand, Allstate has provided no legal reason for this Court to depart from tradition. The burden to establish federal jurisdiction rests entirely on Allstate, and ambiguities in state law must be resolved in favor of Ms. Howard. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Because there is a colorable basis for predicting Ms. Howard could recover against Mr. Salyer, the Court *must remand* this matter. *Id*. (emphasis added).

## III

As this Court has repeated many times over the last decade, "Kentucky law is still ambiguous" concerning bad faith claims against insurance adjusters. Allstate provides no new cases suggesting that Kentucky courts have revisited or resolved this ambiguity, instead arguing that this Court's consistent approach has been wrong. [R. 9 at 10–11.] While Kentucky may eventually determine that bad faith claims against insurance adjusters are not actionable, such a question is best for Kentucky courts, not federal courts, to decide. Because of this ambiguity, the

7

Court cannot definitively find absence of a possibility of recovery against Mr. Salyer.

Accordingly, pursuant to 28 U.S.C. §1447(d), it is hereby **ORDERED** as follows:

1. Plaintiff Gena Howard's Motion to Remand [**R. 6**] is **GRANTED**;

2. This action is **REMANDED in its entirety** to the Magoffin Circuit Court from which it was removed;

3. This matter is **STRICKEN** from the Court's active docket; and

4. Any and all pending motions are **DENIED AS MOOT**.

This the 1st day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge